UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALLEN ROGERS,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, BELMONT<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | Case No. 1:20-cv-203<br><br>Dlott, J.<br>Bowman, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Belmont Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's return of writ, to which petitioner has not replied. (Doc. 1, 8). For the reasons stated below, the petition should be denied.

## I. FACTUAL BACKGROUND

The Ohio Court of Appeals set forth the following set of facts leading to petitioner's conviction and sentence:[1]

> {¶2} On July 15, 2016, the Cincinnati Police Department ("CPD") filed a felony complaint and issued an arrest warrant against Rogers for one count of felonious assault. CPD attempted to serve the warrant on July 20, 2016, July 26, 2016, and October 8, 2016. All three attempts were unsuccessful. Approximately 15 months after the issuance of the arrest warrant, on November 3, 2017, Rogers was arrested pursuant to an unrelated investigation.
>
> {¶3} After his arrest, Rogers was indicted on one count of felonious assault. Approximately 20 days later, Rogers asserted his right to a speedy trial and moved to dismiss the indictment. The trial court denied Rogers's motion and Rogers entered a plea of no contest. . . .

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

(Doc. 7, Ex. 17 at PageID 92).

## II. PROCEDURAL BACKGROUND

### State Trial Proceeding

On July 15, 2016, a complaint against plaintiff was filed in the Hamilton County Municipal Court. (Doc. 7, Ex. 1). The complaint alleged that petitioner punched the victim in the face multiple times during an argument causing serious injuries. A warrant was issued for his arrest on the same day. (Doc. 7, Ex. 2).

On November 9, 2017, roughly fifteen months later, after petitioner was arrested on another charge, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with one count of felonious assault. (Doc. 7, Ex. 3). Petitioner was served with a warrant on the indictment on November 15, 2017. (Doc. 7, Ex. 4). Petitioner entered a not guilty plea. (Doc. 7, Ex. 5).

Petitioner, through counsel, filed a motion to dismiss for lack of speedy trial. (Doc. 7, Ex. 6). According to petitioner, the 15-month delay between the issuance of the July 15, 2016 warrant and his November 3, 2017 arrest violated his right to a speedy trial. Following a hearing, the trial court denied the motion to dismiss. (Doc. 7-1, Trans. at PageID 292).

On February 27, 2018, petitioner voluntarily pleaded no contest to the one count of felonious assault. (Doc. 7, Ex. 11). The trial court accepted his plea, found him guilty as charged in the indictment, and sentenced him to a prison sentence of five years in the Ohio Department of Corrections. (Doc. 7, Ex. 12, 13).

2

### Direct Appeal

Petitioner, through new counsel, filed a notice of appeal to the Ohio Court of Appeals. (Doc. 7, Ex. 14). Petitioner raised the following single assignment of error in his appellate brief: "The trial court erred in denying the motion to dismiss." (Doc. 7, Ex. 15). On April 5, 2019, the Ohio Appeals Court overruled petitioner's assignment of error and affirmed the judgment of the trial court. (Doc. 7, Ex. 17). Petitioner unsuccessfully sought reconsideration of the decision. (Doc. 7, Ex. 18, 19).

### Ohio Supreme Court

Petitioner filed a pro se notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court. (Doc. 7, Ex. 20, 21). The Ohio Supreme Court granted petitioner's motion to file a delayed appeal. (Doc. 7, Ex. 22). In his memorandum in support of jurisdiction, petitioner raised the following single proposition of law:

> The trial court erred in overruling the defendant's motion to dismiss his indictment on constitutional speedy-trial grounds under the four-factor Barker analysis because all four factors weighed in favor of the defendant: first, the 16 ½-month delay between the defendant's indictment and arrest is presumptively prejudicial; second, the state failed to offer any evidence to explain the delay, and the state bears the burden to explain the reason for the delay under the second Barker factor; third, the defendant timely asserted his speedy-trial right by filing a motion to dismiss the indictment twenty days after the return of the warrant; fourth, the defendant did not have to show actual prejudice as a result of the state's delay, because prejudice was presumed under the first Barker factor, and the state offered no evidence to rebut this presumption of prejudice. Failing to dismiss Mr. Roger's indictment the court erred and was in violation of the Fourteenth Amendment of the U.S. Constitution and the Ohio Constitution Article 1, Section 10 Ohio Constitution.

(Doc. 7, Ex. 23). On December 31, 2019, the Ohio Supreme Court declined to accept jurisdiction over the appeal. (Doc. 7, Ex. 24).

### Federal Habeas Corpus

Petitioner initiated the instant federal habeas corpus action on March 10, 2019. (Doc. 1).

Petitioner raises the following single ground for relief in the petition:

> **GROUND ONE**: The trial court erred in denying petitioner's motion to dismiss, the delay of 16 1/2 months between the issuance of the warrant and his arrest violated the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
>
> **Supporting Facts**: The Petitioner's conviction was obtained as a result of a preindictment delay to make the resulting conviction a denial his right to a Speedy Trial and due process. The petitioner case involves a mixed question of fact and law in regards to pre-indictment delay and what renders a pre-indictment delay prejudicial.
>
> The petitioners case involves a delay in serving the warrant took 15-months to serve the warrant (T.p. 152) The warrant was issued on June 15, 2016; Officer Glenn testified the arrest actually took place in 16 ½ months (States Exhibit 1: T.p. 85, 89). The F.A.U. only made two attempts to serve the warrant, and considered it "another warrant on the books" only 11 days after it was filed. (T.p. 73). On the Third Attempt on October 16, 2016 Officer Etienne Merriweather attempted to serve the warrant at 3:32 am and did not announce who she was. (T.p. 79). The fourth attempt to serve the warrant, Officer Glenn only learned of the open warrant against the petitioner by accident (T.p. 86). The officer then arrested him on the open warrant and a new warrant (T.p. 92). This arrest was only done 16 ½ months after the warrant was issued. It is undisputed the petitioner was never made aware of the pending case against him and did not take steps to avoid service of the warrant. (T.p. 109-110).
>
> The appellate court in the petitioner's case concedes that the 15-month delay was presumptively prejudicial. See (majority opinion ¶8).
>
> The court also concedes the state's inaction largely caused the delay between the filing of the complaint and Rogers's arrest. During the first month after issuance of the arrest warrant CPD's efforts were reasonably diligent. However, when those efforts were unsuccessful, the police did not continue to actively search for Rogers. Sergeant Vogelpohl attributed this inaction to CPD's prioritization of newer warrants, stating "[ Rogers's warrant] just became another warrant in our book." Such inaction must be weighed against the state "since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." See (majority opinion ¶10)
>
> The parties agree that Rogers asserted his constitutional right to a speedy trial within a month after indictment. This factor weighs in favor of Rogers.
>
> The court after conceding all the other factors of the applicable standard of proof weighed in favor of the petitioner the court found in error the petitioner did not show prejudice under the fourth factor. This is denies the petitioner his Sixth and

> Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution because the "prejudiced" is already presumed under the first factor, and the state offered no evidenced to rebut this presumption of prejudice. Therefore, the petitioner speedy trial rights have been violated and denied due process.

(Doc. 1 at PageID 4-5).

Respondent has filed a return of writ in opposition to the petition, to which petitioner has not replied. (Doc. 8).

### III. THE PETITION SHOULD BE DENIED.

In this federal habeas case, the applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at

5

413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600. As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 292 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so

6

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 38–40 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). In *Greene*, 565 U.S. at 38, the Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. _, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at _, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.'" Id.*, at _, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)). The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

In this case, petitioner argues that his conviction and sentence was the result of

7

preindictment delay. Specifically, petitioner contends that the delay between the July 15, 2016 warrant and his November 3, 2017 arrest violated his constitutional speedy trial and due process rights. As noted above, petitioner raised his claim in a pre-trial motion to dismiss and on direct appeal. Petitioner, through counsel, argued that the fifteen-month-delay violated his speedy trial rights under *Barker v. Wingo*, 407 U.S. 514, 530 (1972). (*See* Doc. 7, Ex. 6, 15). In denying the motion, the trial court determined that the fifteen-month delay was not a lengthy delay, the state's reason for the delay—difficulty locating petitioner—was justifiable, and that petitioner failed to demonstrate actual prejudice stemming from the delay. (Doc. 7-1, Trans. at PageID 289–92). On further appeal, the Ohio Court of Appeals similarly found that petitioner failed to demonstrate actual prejudice and affirmed the judgment of the trial court after weighing the *Barker* factors.[2] (Doc. 7, Ex. 17).

Upon review of the petition in this case, the undersigned finds that petitioner has failed to

---

[2] As noted below, the Sixth Amendment's Speedy Trial Clause and the *Barker* factors are inapplicable to pre-indictment delay. The trial court relied on Ohio case law in determining that the speedy trial analysis was applicable. (*See* Doc. 7-1, Trans. at PageID 274, 289-92). In *State v. Meeker*, 268 N.E.2d 589 (1971) the Ohio Supreme Court held that "[t]he constitutional guarantees of a speedy trial are appliable to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment." Following *Meeker*, the United States Supreme Court held that the Sixth Amendment speedy trial right had no applicability to pre-indictment delays. *United States v. Marion*, 404 U.S. 307 (1971). The Ohio Supreme Court subsequently limited the applicability of *Meeker* in light of *Marion*, holding that "*Meeker* is viable only insofar as its application is limited to cases that are factually similar to it." *State v. Luck*, 472 N.E.2d 1097 (1984). In the instant case, based on Ohio case law in *Meeker*, the trial court determined that the delay in petitioner's trial was analogous to *Meeker* and applied the speedy trial analysis. (*See* Doc. 7-1, Trans. at PageID 274).

On direct appeal, petitioner raised his assignment of error challenging the pre-indictment delay as a violation of the Sixth Amendment and the Ohio Court of Appeals adjudicated the claim by weighing the *Barker* factors. (*See* Doc. 7, Ex. 15, 17). To the extent that petitioner may contend that he is entitled to federal habeas relief based on the Ohio court's application of Ohio case law his claim is without merit. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Furthermore, "[u]nder § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme] Court." *Harrington*, 562 U.S. at 102. For the reasons stated below, the Ohio courts' decisions on petitioner's pre-indictment delay claim was not contrary to or an unreasonable application of Supreme Court precedent.

show that he is entitled to federal habeas relief.

The Speedy Trial Clause of the Sixth Amendment is not triggered until a formal indictment or information is filed or "the actual restraints imposed by arrest and holding to answer a criminal charge" have occurred. *United States v. Lovasco,* 431 U.S. 783, 788-89 (1977) (quoting *United States v. Marion,* 404 U.S. 307, 320 (1971)); *see also Doggett v. United States,* 505 U.S. 647, 655 (1992). The filing of a criminal complaint does not, by itself, implicate the Sixth Amendment's speedy trial guarantee. *See Marion*, 404 U.S. at 320 ("[I]t is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment."). In a case such as this, involving a claim of constitutional error stemming from pre-indictment delay, only the Fourteenth Amendment's Due Process Clause may be invoked to provide protection "against oppressive delay." *Lovasco,* 431 U.S. at 789 (citing *Marion,* 404 U.S. at 324).

In *Lovasco*, the Supreme Court held that the Due Process Clause plays a limited role in protecting criminal defendants who are actually prejudiced by excessive pre-indictment delay. *Lovasco,* 431 U.S. at 789. Proof of prejudice is generally necessary, but is insufficient standing alone to establish a due process violation; the due process inquiry also requires consideration of the reasons for the delay. *Id.* at 790; *see also Marion*, 404 U.S. at 324 (the due process clause "would require dismissal of the indictment if it were shown at trial that the pre-indictment delay. . . caused substantial prejudice to [defendant's] rights to a fair trial and that delay was an intentional device to gain tactical advantage over the accused").

The Sixth Circuit has consistently interpreted *Lovasco* as holding that a dismissal on due process grounds for pre-indictment delay is warranted only when the defendant shows (1)

9

substantial prejudice to his right to a fair trial; and (2) that the delay was intentionally caused by the government to gain a tactical advantage. *See, e.g., United States v. Schaffer,* 586 F.3d 414, 424 (6th Cir. 2009) (and Sixth Circuit cases cited therein); *United States v. Wright,* 343 F.3d 849, 859 (6th Cir. 2003); *Burns v. Lafler,* 328 F. Supp.2d 711, 719 (E.D. Mich. 2004) (citing *United States v. Brown,* 959 F.2d 63, 66 (6th Cir. 1992)). To establish a due process violation, the defendant must show that the delay "caused him *actual* prejudice in presenting his defense." *Schaffer,* 586 F.3d at 425 (quoting *United States v. Gouveia,* 467 U.S. 180, 192 (1984) (emphasis added)). Moreover, delay attributable to the legitimate investigation of a crime does not violate due process even if such delay might have "somewhat prejudiced" the defense. *See Lovasco,* 431 U.S. at 796; *see also Burns*, 328 F.Supp.2d at 719.

In this case, petitioner's speedy trial claim is without merit. As he argued in the state courts, petitioner maintains that prejudice should be presumed in his case. However, "the Supreme Court has repeatedly emphasized that, in order to establish a due process violation, the defendant must show that the delay 'caused him *actual* prejudice in presenting his defense.'" *Schaffer*, 586 F.3d at 425 (rejecting the petitioner's claim that prejudice should be presumed) (quoting *United States v. Gouveia*, 467 U.S. 180, 192 (1984) (emphasis in original)). *See also Lovasco,* 431 U.S. at 789 ("[P]roof of actual prejudice makes a due process claim concrete and ripe for adjudication, not ... automatically valid."). Petitioner has never advanced—either in the instant petition or in the Ohio courts—any actual prejudice stemming from the pre-indictment delay in his case. Moreover, because petitioner has also not demonstrated that the delay was intentional or caused to obtain a tactical advantage, his pre-indictment delay claim is without merit.[3]

---

[3] Although the Ohio appeals court determined that the state was not reasonably diligent in pursuing petitioner after the initial attempts to locate petitioner were unsuccessful, the court ultimately found, in conformance with the Sixth

After review of the record in this case, the undersigned finds that petitioner has failed to demonstrate that the Ohio Court of Appeals' adjudication of petitioner's pre-indictment delay claim was contrary to or an unreasonable application of Supreme Court precedent. As noted above, petitioner has not demonstrated that he was actually prejudiced by the delay or demonstrated that the delay was intentionally caused by the government to gain a tactical advantage.

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to habeas relief. Having found that petitioner's sole ground for relief is without merit the petition should be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

Circuit's application of due process principles, that the "mere negligence of the state is not enough to outweigh the absence of some particularized trial prejudice." (Doc. 7, Ex. 17 at PageID 97). *See U.S. v. Lively*, 852 F.3d 549, 567 (6th Cir. 2017) (refusing to adopt a standard for evaluating whether pre-indictment delay has prejudiced a defendant requiring "actual and substantial prejudice accompanied by prosecutorial negligence."); *U.S. v. Banks*, 27 F. App'x 354, 357 (6th Cir. 2001) ("Our Circuit has recognized where delay is due to simple negligence and not a concerted effort by the government to gain an advantage, no due process violation exists.").

this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALLEN ROGERS,<br>　　　Petitioner,<br><br>vs.<br><br>WARDEN, BELMONT<br>CORRECTIONAL INSTITUTION,<br>　　　Respondent. | Case No. 1:20-cv-203<br><br>Dlott, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).